United States District Court
Southern District of Texas
**ENTERED**
October 07, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUPERIOR CONSULTING GROUP, *et al.*, | § § § § | |
| Plaintiffs, | § | |
| VS. | § § | CIVIL ACTION NO. 4:23-CV-4407 |
| PHH MORTGAGE CORPORATION, *et al*, | § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

In this case, Plaintiffs are fighting Defendants' attempts to conduct a nonjudicial foreclosure. The case was removed to this Court from Texas state court under the diversity jurisdiction statute, 28 U.S.C. § 1332. (Dkt. 1). Plaintiffs assert claims for fraud, breach of contract, quiet title, and violations of the Texas Debt Collection Act ("TDCA"). (Dkt. 1-1 at pp. 9–14).

Pending before the Court is a motion to dismiss filed by Defendants PHH Mortgage Corporation ("PHH") and Mortgage Electronic Registration Systems, Inc. ("MERS"). Defendants argue, among other things, that this case should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs' claims against them are barred by the doctrine of res judicata. The Court agrees as to all of Plaintiffs' claims but one. Even though Plaintiffs' claim under the TDCA survives the res judicata bar, it is nevertheless inadequately pled.

Plaintiffs have not responded to Defendants' motion, and they have not amended their complaint despite having received the Court's leave to do so. Defendants' motion

(Dkt. 16) is **GRANTED**. Plaintiffs' claims against PHH and MERS are **DISMISSED WITH PREJUDICE**. Plaintiffs' claims against Defendant Guild Mortgage Company ("Guild") are **DISMISSED WITHOUT PREJUDICE**.

*—Rule 12(b)(6)*

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion filed under Federal Rule of Civil Procedure 12(b)(6) tests a pleading's compliance with this requirement and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A complaint can be dismissed under Rule 12(b)(6) if its well-pleaded factual allegations, when taken as true and viewed in the light most favorable to the plaintiff, do not state a claim that is plausible on its face. *Amacker v. Renaissance Asset Mgmt., LLC*, 657 F.3d 252, 254 (5th Cir. 2011); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). As the Fifth Circuit has further clarified:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. This includes the basic requirement that the facts plausibly establish each required element for each legal claim. However, a complaint is insufficient if it offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action.
> *Coleman v. Sweetin*, 745 F.3d 756, 763–64 (5th Cir. 2014) (quotation marks and citations omitted).

Furthermore, "a complaint may be dismissed if it clearly lacks merit—for example, where there is an absence of law to support a claim of the sort made." *Thurman v. Medical*

*Transportation Management, Inc.*, 982 F.3d 953, 956 (5th Cir. 2020) (quotation marks omitted).

When considering a motion to dismiss under Rule 12(b)(6), the Court's review is limited to the complaint; any documents attached to the complaint; any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint; and matters subject to judicial notice under Federal Rule of Evidence 201. *Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir. 2022); *George v. SI Group, Inc.*, 36 F.4th 611, 619 (5th Cir. 2022).

### —*Res judicata*

Dismissal under Rule 12(b)(6) on res judicata grounds is appropriate when the elements of res judicata are apparent on the face of the pleadings and orders from prior lawsuits. *See Meyers v. Textron, Inc.*, 540 Fed. App'x 408, 410 (5th Cir. 2013); *Ho-Huynh v. Bank of Am., N.A.*, No. 3:14-CV-69, 2014 WL 12599510, at *2 (S.D. Tex. Nov. 14, 2014). The doctrine of res judicata precludes relitigation of claims that have been finally adjudicated. *Bullard v. Webster*, 679 F.2d 92, 93 (5th Cir. 1982).

"[W]hile federal law ultimately determines whether a federal judgment precludes a subsequent action or argument, when the basis of the original court's jurisdiction is diversity of citizenship, federal courts should apply the law of the forum state unless the state law is incompatible with federal interests." *American Home Assurance Co. v. Chevron, USA, Inc.*, 400 F.3d 265, 271 n.20 (5th Cir. 2005). "Under Texas law, a party seeking to have an action dismissed on the basis of res judicata must establish the presence of three things: (1) a prior final judgment on the merits by a court of competent jurisdiction;

(2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *E.E.O.C. v. Jefferson Dental Clinics, PA*, 478 F.3d 690, 694 (5th Cir. 2007) (quotation marks omitted). Here, all three elements are met as to Plaintiffs' claims for fraud, breach of contract, and quiet title.

       i.    <u>Judgment on the merits</u>

First, there is a prior final judgment on the merits by a court of competent jurisdiction. Judge Hoyt dismissed, with prejudice, claims brought by Plaintiff Superior Consulting Group ("Superior") and Tracey Woodson ("Tracey") against PHH in a prior action, *Superior Consulting Group v. PHH Mortgage Corporation*, Southern District of Texas case number 4:22-CV-896. (Dkt. 16-1 at pp. 14–19). Superior and Tracey also sued MERS and Guild in the prior action but voluntarily dismissed those two defendants before Judge Hoyt rendered his judgment. (Dkt. 16-1 at p. 16). The claims in Judge Hoyt's case were identical to those brought by Superior and Plaintiff Karlton Woodson ("Karlton"), Tracey's husband, in this lawsuit, except that this lawsuit contains a claim for violations of the TDCA. (Dkt. 1-1 at p. 13).

       ii.    <u>Privity</u>

Second, the parties in this case are either identical to or in privity with the parties from Judge Hoyt's case. Under Texas law, "there is no categorical rule for privity; instead the courts look to the circumstances of each case." *Jefferson Dental Clinics*, 478 F.3d at 694 (quotation marks omitted). The Court examines in particular "the interests the parties shared." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 653 (Tex. 1996). "Privity exists if

the parties share an identity of interests in the basic legal right that is the subject of litigation." *Id.* "If the second plaintiffs seek to relitigate the matter which was the subject of the earlier litigation, res judicata bars the suit even if the second plaintiffs do not allege causes of action identical to those asserted by the first." *Id.* "Res judicata also precludes a second action on claims that arise out of the same subject matter and which might have been litigated in the first suit." *Id.*

Under the circumstances of this case, the privity requirement is met. Superior and Karlton, who co-signed the relevant deed of trust with Tracey, are seeking to relitigate the matter which was the subject of Judge Hoyt's case—namely, whether certain assignments in the chain of title affected Defendants' standing to foreclose on the subject property. (Dkt. 1-1 at p. 9; Dkt. 16-1 at pp. 6, 14–17). Plaintiffs' claims in this lawsuit for fraud, breach of contract, and quiet title either were litigated or could have been litigated in Judge Hoyt's case. In fact, when they drafted their pleading in this case, Plaintiffs evidently simply copied the pleading from Judge Hoyt's case, changed Tracey's name to Karlton's, and added the TDCA claim. (Dkt. 1-1 at pp. 5–16; Dkt. 16-1 at pp. 2–12). The second res judicata element is satisfied. *See In re Estate of Ayala*, 986 S.W.2d 724, 727 (Tex. App.—Corpus Christi 1999, no pet.) (holding that a party who brought a prior action to invalidate a will was in privity with three siblings who brought a subsequent action to invalidate the will) ("All of these children are in the same class of heirs or devisees and have the same interest in voiding their father's holographic will.").

iii.    <u>Same claims</u>

Finally, this lawsuit features claims that were raised or could have been raised in Judge Hoyt's case. As previously noted, Plaintiffs' claims in this lawsuit for fraud, breach of contract, and quiet title either were litigated or could have been litigated in Judge Hoyt's case. The third res judicata element is satisfied, and Plaintiffs' claims for fraud, breach of contract, and quiet title are barred by res judicata.

*—Plaintiffs' TDCA claim*

Plaintiffs have one cause of action remaining: their claim that Defendants have violated the TDCA. (Dkt. 1-1 at pp. 13–14). Plaintiffs contend that, "by moving forward with foreclosure proceedings[,] Defendants threaten to take an action prohibited by law in violation of the TDCA Tex. Fin. Code § 392.301(a)(8)." (Dkt. 1-1 at p. 14). This claim could possibly survive the res judicata bar because, while it is extremely vague, it appears to stem from conduct that postdates Judge Hoyt's final judgment and it does not appear to arise out of the previously decided challenges to the assignments in the chain of title. Assuming that res judicata does not bar this claim, the claim is still inadequately pled.

Section 392.301(a)(8) of the Texas Finance Code ("Section 392.301(a)(8)") prohibits a debt collector from "threatening to take an action prohibited by law" when collecting a debt. In support of their claim under this section, Plaintiffs allege that "Defendants are seeking to foreclose on a void loan that has expired by Defendants' failure to foreclose within 4 years of default." (Dkt. 1-1 at p. 14). Plaintiffs further allege that "Defendants seek to fill [sic] the property at a foreclosure sale prior to giving the proper

notices as required by Texas law." (Dkt. 1-1 at p. 14). These barebones allegations will not support a claim under the TDCA.

First, Plaintiffs' statement of Texas statute-of-limitations law is incorrect; the four-year limitations period to enforce a real property lien does not necessarily begin running at default. "By statute, if a series of notes or obligations or a note or obligation payable in installments is secured by a lien on real property, limitations does not begin to run until the maturity date of the last note, obligation, or installment." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). And "[i]f a note or deed of trust secured by real property contains an optional acceleration clause, . . . the action accrues only when the holder actually exercises its option to accelerate." *Id.* Even if a lienholder exercises its option to accelerate, the lienholder can reset the limitations period by rescinding its acceleration and notifying the borrower that the loan has been reaccelerated. *Moore v. Wells Fargo Bank, N.A.*, 685 S.W.3d 843, 845 (Tex. 2024). Plaintiffs have not alleged facts showing that the limitations period to enforce a real property lien has expired in this case. Accordingly, Plaintiffs' naked statement that Defendants "fail[ed] to foreclose within 4 years of default" does not establish that Defendants have violated the TDCA.

Similarly, Plaintiffs' unadorned allegation that Defendants have failed to "giv[e] the proper notices as required by Texas law" does not establish a claim under the TDCA. Defendants' alleged violations of statutory notice requirements will not support a claim under Section 392.301(a)(8) unless Plaintiffs can allege, at the very least, that Defendants waived their contractual right to foreclose and that Plaintiffs are not in default. *Rucker v. Bank of America, N.A.*, 806 F.3d 828, 831 (5th Cir. 2015) ("Here, BOA never waived its

contractual right to foreclose, and Rucker was in default at all times after October 2007. Thus, irrespective of any statutory notice requirements, BOA did not violate Section 392.301(a)(8) by threatening to foreclose."); *see also Mahmood v. Bank of America, N.A.*, No. 3:11-CV-3054, 2012 WL 527902, at *4 (N.D. Tex. Jan. 18, 2012), *adopted*, 2012 WL 527901 (N.D. Tex. Feb. 16, 2012) ("[B]y no stretch is the threat of foreclosure, in light of [Plaintiff's] admitted failure to pay his mortgage loan as contracted, an action prohibited by law."). Moreover, Plaintiffs have not pled that a foreclosure sale has taken place, and claims for violations of statutory foreclosure sale notice requirements "are cognizable only after a foreclosure." *Kew v. Bank of America, N.A.*, No. 4:11-CV-2824, 2012 WL 1414978, at *6 (S.D. Tex. Apr. 23, 2012). Accordingly, Plaintiffs' bare allegation that Defendants have failed to "giv[e] the proper notices as required by Texas law" does not establish a claim under the TDCA.

### —*Unserved defendant*

Plaintiffs have not served Guild, so Guild has of course not moved for dismissal of Plaintiffs' claims against it. Nevertheless, the Court will dismiss the claims against Guild for the same reasons that it is dismissing the claims against PHH and MERS. An unserved defendant can benefit from a meritorious motion to dismiss filed by similarly situated defendants, as long as the claims against the unserved defendant are dismissed without prejudice. *See Gonzales v. Reilley*, No. 22-40195, 2023 WL 7443213, at *4 (5th Cir. Nov. 9, 2023).

*—Conclusion*

For the reasons stated above, the motion to dismiss filed by Defendants PHH Mortgage Corporation and Mortgage Electronic Registration Systems, Inc. (Dkt. 16) is **GRANTED**. Plaintiffs' claims against PHH and MERS are **DISMISSED WITH PREJUDICE**. Plaintiffs' claims against Defendant Guild Mortgage Company are **DISMISSED WITHOUT PREJUDICE**. The Court will issue a separate final judgment.

SIGNED at Houston, Texas on October 7, 2024.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE